# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN DUBOIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-19-1080-PRW ) |
| CITY OF BLANCHARD, a municipality; MATTHEW HAINES, in his individual capacity; STACEY WHITE, in his individual capacity; JOE BEILOUNY, in his individual capacity; SEAN EATON, in his individual capacity; and JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Defendant City of Blanchard asks the Court to dismiss two claims brought against it by Plaintiff for failure to state a claim upon which relief can be granted (Dkt. 9). It argues, pursuant to Fed. R. Civ. P. 12(b)(6), that (1) Plaintiff's *Burk* tort claim must be dismissed because he does not assert that he was an at-will employee and (2) Plaintiff's punitive damages claim must be dismissed because such damages are not recoverable against a municipality.

### *Standard of Review*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most

favorable to the plaintiff."[1] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2] The pleaded facts must establish that the claim is plausible.[3]

### *Burk* Tort Claim

Defendant City contends that Plaintiff's *Burk* tort claim must be dismissed because Plaintiff's claim that he had a property interest in his continued employment precludes him from claiming that he was an at-will employee, and only at-will employees can pursue a *Burk* claim.[4] Plaintiff responds that he pleaded that he had a property interest in his continued employment *and also* that he was an at-will employee because there is a question of fact as to the status of his employment.[5] Moreover, asserts Plaintiff, the Federal Rules of Civil Procedure permit alternative pleading at this stage of litigation since discovery has not yet occurred.[6]

The Court agrees with Plaintiff that such alternative pleading is permitted at this stage of litigation,[7] and taking his allegations as true and viewed in the light most favorable

---

[1] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210,( 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[3] *Id*.

[4] Mot. for Partial Dismissal of Def. City of Blanchard (Dkt. 9) at 4.

[5] Pl.'s Resp. to Def. City of Blanchard's Mot. for Partial Dismissal (Dkt. 16) at 3.

[6] *Id*. at 6–7.

[7] *See* Fed. R. Civ. P. 8(d).

to Plaintiff, he has stated the at-will employee element of a *Burk* tort claim. Defendant City's request to dismiss this claim is accordingly denied.

**Punitive Damages**

Defendant City next argues that Plaintiff's punitive damages claim must be dismissed because such damages are not recoverable against a municipality.[8] Plaintiff concedes this point,[9] so his claim for punitive damages against Defendant City is dismissed with prejudice.

*Conclusion*

The motion (Dkt. 9) is thus **GRANTED IN PART AND DENIED IN PART**. Defendant City's motion to dismiss Plaintiff's *Burk* tort claim is **DENIED**, and its motion to dismiss Plaintiff's punitive damages claim against Defendant City only is **GRANTED** and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED this 15th day of June, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[8] Mot. for Partial Dismissal of Def. City of Blanchard (Dkt. 9) at 5−6.

[9] Pl.'s Resp. to Def. City of Blanchard's Mot. for Partial Dismissal (Dkt. 16) at 8.