# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN DUBOIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF BLANCHARD, a municipality; ) <br> MATTHEW HAINES, in his individual ) <br> capacity; STACEY WHITE, in his ) <br> individual capacity; JOE BEILOUNY, in ) <br> his individual capacity; SEAN EATON, in ) <br> his individual capacity; and JOHN DOES ) <br> 1-10, ) <br> ) <br> Defendants. ) | Case No. CIV-19-1080-PRW |

## ORDER

Defendants Haines, White, Beilouny, and Eaton ask the Court to dismiss the 42 U.S.C. § 1981 claim brought against them by Plaintiff for failure to state a claim upon which relief can be granted (Dkt. 10). They argue, pursuant to Fed. R. Civ. P. 12(b)(6), that dismissal is appropriate because § 1981 only applies to claims of racial discrimination, but Plaintiff's claim is based on national origin. For the reasons outlined below, the motion is denied.

### *Standard of Review*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most

1

favorable to the plaintiff."[1] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2] The pleaded facts must establish that the claim is plausible.[3]

*Analysis*

Count six of the amended complaint asserts a claim against the individual defendants pursuant to 42 U.S.C. § 1981 for discrimination "motivated by the fact that Plaintiff is Hispanic and of Brazilian and French national origin."[4] Defendants contend that while this claim purports to state a claim for discrimination based on national origin, dismissal is appropriate because § 1981 only applies to claims for racial discrimination.[5] Plaintiff responds that he "has not asserted national origin as the sole basis of his § 1981 claim," but also "his being Hispanic."[6] But both of these bases can support a § 1981 claim,

---

[1] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210,( 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[3] *Id.*

[4] Pl.'s 1st Am. Pet. (Dkt. 1-4) ¶ 130, at 18.

[5] Mot. for Partial Dismissal of Defs. Matthew Haines, Stacey White, Joe Beilouny, & Sean Eaton (Dkt. 10) at 4–5.

[6] Pl.'s Resp. to Mot. for Partial Dismissal by Defs. Matthew Haines, Stacey White, Joe Beilouny & Sean Eaton (Dkt. 15) at 3.

says Plaintiff, because the concept of race is broad and his complaint conveys that he, "as a non-white individual, was treated differently than a white citizen."[7]

§ 1981 states: "*All persons* within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."[8] The Tenth Circuit has recognized that this section prohibits only race discrimination, "not national origin discrimination per se."[9] Even so, it noted that "[t]he concept of race under § 1981 is broad" and "extends to matters of ancestry which are normally associated with nationality, not race in a biological sense."[10]

Accepting all allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds that he has stated a claim under § 1981 because he alleges that he was discriminated against because he is Hispanic.[11] This identifiable group fits into the

---

[7] *Id*. at 3–6.

[8] 42 U.S.C. § 1981 (emphasis added).

[9] *Daemi v. Church's Fried Chicken, Inc*., 931 F.2d 1379, 1387 n. 7 (10th Cir. 1991).

[10] *Id*.

[11] *See Manzanares v. Safeway Stores, Inc*., 593 F.2d 968, 970 (10th Cir. 1979) ("Thus plaintiff has alleged that there has been or is discrimination against him by defendants by reason of the fact he is of Mexican American origin, and this is a sufficient identification of a group within the protection of section 1981.") ("In this holding we consider that Mexican American, Spanish American, Spanish-surname individuals, and Hispanos are equivalents, and it makes no difference whether these are terms of national origin, alienage, or whatever.").

category of "all persons" and can be contrasted with "white citizens" within the meaning of § 1981.[12] Accordingly, Plaintiff states a claim against Defendants for discrimination in violation of 42 U.S.C. § 1981 and the motion to dismiss (Dkt. 10) is denied.

**IT IS SO ORDERED this 16th day of June, 2020.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] *See Enriquez v. Honeywell, Inc.*, 431 F. Supp. 901, 904 (W.D. Okla. 1977) ("The fact is the line between discrimination on account of race and discrimination on account of national origin may be so thin as to be indiscernible; indeed, to state the matter more succinctly, there may in some instances be overlap.").